UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAENGPHET<br>(a.k.a., Saengphet No Last Name, Saengphet NLN)<br><br>                          Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, JESUS ROCHA, Acting Field Office Directo1 San Diego Field Office, and CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center,<br><br>                         Respondents. | Case No.: 3:25-cv-2909-JES-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING PETITIONER'S MOTION TO APPOINT COUNSEL**<br><br>**(2) REQUIRING A RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>**(3) SETTING BRIEFING SCHEDULE AND MOTION HEARING; and**<br><br>**(4) STAYING REMOVAL OF PETITIONER TO PRESERVE JURISDICTION**<br><br>[ECF Nos. 1, 2, 3] |

      Before the Court are Petitioner Saengphet's ("Petitioner"): (1) Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"); (2) Motion for Appointment of Counsel ("Motion"); and (3) Motion for a Temporary Restraining Order ("TRO"). ECF

1

Nos. 1-3. The Petition and both motions were filed on October 28, 2025. *Id*. The Court addresses each filing below.

### 1. Appointment of Counsel

Petitioner moves for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2). Motion at 1-2. Under this statute, the district court may appoint counsel for an impoverished habeas petitioner seeking relief pursuant to 28 U.S.C. § 2241 when "the court determines that the interest of justice so require …" *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (quoting 18 U.S.C. § 3006A(g)). A court "must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997) (citations omitted).

The Federal Defenders of San Diego, Inc., is ready and able to assist Petitioner in this matter. *Id*. at 2. Having carefully considered the arguments raised in the Motion, the Court finds that appointment of counsel is appropriate. Therefore, the Court **GRANTS** Petitioner's Motion for Appointment of Counsel and **APPOINTS** Federal Defenders of San Diego, Inc. to represent him.

### 2. The Petition and TRO

Respondents are **ORDERED TO SHOW CAUSE** as to why the Petition and TRO should not be granted by filing a Response no later than 5:00 p.m. on **Monday, November 3, 2025**. The Response shall include any documents relevant to the determination of the issues raised in the Petition and address whether an evidentiary hearing on the Petition and/or TRO is necessary. Respondents **SHALL SERVE** a copy of the Response on the Petitioner. Petitioner may file an optional Traverse in support of the Petition no later than 5:00 p.m. on **Tuesday, November 4, 2025**. Finally, the Court **SETS** an Order to Show Cause Hearing for **Wednesday, November 5, 2025, at 4:00 p.m.** in Courtroom 4B.

//
//
//

### 3. Stay of Petitioner's Removal

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

**IT IS SO ORDERED.**

Dated: October 29, 2025

Honorable James E. Simmons Jr.
United States District Judge